# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ROGER D. WALDNER, | |
| Plaintiff, | No. C04-1014 |
| vs. | |
| JANET WISSEL CARR; et al., | |
| Defendants. | |
| ---------------------------------------------------- | |
| LARRY S. EIDE, Chapter 7 Trustee, | |
| Plaintiff, | No. C05-1029 |
| vs. | **ORDER** |
| URBAN R. HAAS, et al., | |
| Defendants. | |

This matter comes before the court pursuant to the Kraus, Haas, and Wissel defendants' December 8, 2005 motion to strike and for protective order concerning attorney-client privileged documents (docket number 115), and defendants' request for in camera inspection (docket number 127). On February 13, 2006, plaintiff filed a motion to strike defendants' response to plaintiff's resistance to defendants' motion to strike and for protective order and request for in camera inspection (docket number 129).

At issue in the defendants' motion are five letters from attorneys which plaintiff referenced and included in his appendix in resistance to a pending motion for summary judgment. According to the moving defendants, they have not waived their attorney-client privilege regarding these letters and the law applicable to inadvertent disclosures mandates that court enter a protective order (1) striking the copies of the privileged documents included in plaintiff's combined appendix from the record and ordering them to be returned

to defendants, (2) striking from the record any references to such letters, (3) ordering the plaintiff and his counsel to return all copies of the privileged documents to the defendants, and (4) bar the use or publication of the privileged documents without permission from the defendants or a court order.

Plaintiff resists the motion, arguing that the moving defendants have failed to establish that an attorney-client relationship existed either between the moving defendants and the attorneys at issue, or between H&W Motor Express Company and the attorneys at issue. Alternatively, plaintiff argues that if H&W Motor Express Company was, in fact, the client, then the moving defendants lack the requisite standing to assert the attorney-client privilege with respect to these documents. Plaintiff further argues that any attorney-client privilege was waived with respect to these documents by their voluntary disclosure to third parties outside the corporation, and that the abandonment of these documents in a file cabinet when plaintiff took over H&W implies a waiver of the attorney-client privilege.

In reply to plaintiff's resistance, the moving defendants argue that it is clear from the nature of the advice provided in the attorneys' correspondence in question that the clients were the Haas and Wissel family members who were shareholders of H&W Motor Express, and not H&W Motor Express, the corporation. In further support of their argument, moving defendants note the existence of the engagement letters which, according to them, expressly identify the clients represented. The moving defendants request permission to submit the engagement letters to the court for an in camera inspection (docket number 126).

The attorney-client privilege is governed by Iowa Code §622.10 which provides, in pertinent part:

> A practicing attorney . . . who obtains information by reason of the person's employment . . . shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the

functions of the person's office according to the usual course of practice or discipline.

Iowa common law has likewise provides that "[a]ny confidential communication between an attorney and the attorney's client is absolutely privileged from disclosure against the will of the client." Shook v. City of Davenport, 497 N.W.2d 883, 886 (Iowa 1993); Squealer Feeds v. Pickering, 530 N.W.2d 678, 684 (Iowa 1995). The privilege, however, can be waived by the voluntary disclosure of the content of a privileged communication to a third party. Miller v. Continental Ins. Co., 392 N.W.2d 500, 504-05 (Iowa 1986) (citing Iowa Code §622.10(2), which states in pertinent part that "[t]he prohibition [against disclosure] does not apply to cases where the person in whose favor the prohibition is made waives the rights conferred"). The waiver may be express or implied. Squealer Feeds, 530 N.W.2d at 684. "An express waiver occurs when a client voluntarily discloses the content of privileged communications." Id.; Brandon v. West Bend Mut. Ins. Co., 681 N.W.2d 633, 642 (Iowa 2004) ("[W]e recognize that a waiver occurs when a person holding a privilege discloses or, for purposes of discovery, plans to disclose privileged matters.").

The court agrees with the moving defendants that the substance of the correspondence at issue demonstrates that it was the individual shareholders of H & W Motor Express who were the intended clients and, therefore, the holder of the attorney-client privilege with respect to these communications. An in camera inspection of the engagement letters is not necessary. However, the plaintiff presents in his resistance to defendant's motion the affidavit of Steve Bear which states that shareholders John and Janet Wissel Carr gave him copies of the letters at issue in April 2001, and that he does not recall being told that the letters were privileged or confidential. No explanation has been provided by either side to this dispute as to who exactly Mr. Bear is, or why the letters at issue were given to him. The moving defendants have presented no evidence

3

rebutting Mr. Bear's affidavit. The court finds this to be an express waiver of the shareholders' attorney-client privilege.

Upon the foregoing,

IT IS ORDERED that the motion of the Kraus, Haas and Wissel defendants to strike and for protective order (docket number 115) is denied, as is their request for an in camera inspection (docket number 127). Plaintiff's motion to strike defendants' response to plaintiff's resistance to defendants' motion to strike and for protective order and request for in camera inspection (docket number 129) is denied.

February 21, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT