IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

ROGER D. WALDNER, )
)
                Plaintiff, )     No. C04-1014 EJM
  vs. )
)
JANET WISSEL CARR; DUBUQUE BANK )     ORDER
& TRUST COMPANY, as Trustee of the )
Marian Haas Kraus Trust; MARIAN HAAS )
KRAUSE, as Trustee of the Marie C. Haas )
Trust, f/b/o John Chandler Kraus; JOHN C. )
KRAUS; CAROL WISSEL LAMMERS, )
Individually and as Trustee of the Cyril H. )
Wissel Trust; MARY LOIS WISSEL )
PIEKENBROCK, a/k/a Lois Wissel )
Piekenbrock, Individually and as Trustee )
of the Cyril H. Wissel Trust; WILLIAM A. )
PIEKENBROCK; ELIZABETH KRAUS )
TOBIN; PATRICK TOBIN; MARY E. )
WISSEL; URBAN R. HAAS, Individually )
and as Trustee of the Marie C. Haas Trust, )
f/b/o Urban Andrew Haas, Christopher )
James Haas, Aimee Marie Haas, n/k/a )
Aimee Marie Haas Walsh, and Catherine )
Antoine Haas; and PATRICIA M. HAAS, )
individually and as Trustee of the Marie C. )
Haas Trust, f/b/o Urban Andrew Haas, )
Christopher James Haas, Aimee Marie )
Haas, n/k/a Aimee Marie Haas Walsh, )
and Catherine Anthoine Haas, VAN WYK, )
INC., ARLAN VAN WYK, DAVID VAN )
WYK and DARLA ARENDS, f/k/a DARLA )
VAN WYK, )
)
                Defendants. )

This matter is before the court on plaintiff's unresisted Motion for Certification of Final Judgment Pursuant to FRCP 54(b), filed May 2, 2008. Denied.

On March 21, 2007, the court entered summary judgment against plaintiff on Counts 1-10. On April 2, 2008, the court entered summary judgment against plaintiff on Count 11. The remaining claims are the Haases' counterclaims against plaintiff for breach of contract (Counterclaim Count 1) and libel and slander (Counterclaim Count 2), and the Krauses' counterclaim for breach of fiduciary duty.

Plaintiff asserts that there is no just reason for delay and seeks the entry of partial final judgment on Counts 1-11 pursuant to FRCP 54(b) to permit an immediate appeal of the court's March 21, 2007 and April 2, 2008 orders. In support, plaintiff urges that the ruling was a decision upon the merits of his claims against the Haas, Wissel, Kraus and Van Wyk defendants, and that the remaining claims are separable from the claims upon which certification is sought. Plaintiff urges that if the instant motion is granted, there will likely be only one trial involving all parties, and if required to wait to appeal, there would be a risk of multiple trials as well as delay and the problems associated therewith. Plaintiff further urges that it is inequitable to wait to appeal due to the amount of money involved in this matter, the hardship, and the risk of having to try the case twice (once on the remaining matters, and then again following a successful appeal).

FRCP 54(b) allows the district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express

determination that there is no just reason for delay and upon an express direction for the entry of judgment." Id. Certifications under FRCP 54(b) should neither be granted routinely nor as an accommodation to counsel. <u>Guerrero v. JW Hutton, Inc.</u> 458 F3d 830, 833 (8th Cir. 2006).

In the instant case, it is the court's view that there is a significant relationship between the adjudicated claims and the unadjudicated claims, particularly the Haases' Counterclaim Count 1 for breach of contract arising out of Waldner's alleged failure to make payment to counterclaim plaintiff for shares of Riverside stock claimed to be subject to the Stock Purchase Agreement attached to the Haas Counterclaim (docket #14) as Exhibit A. It is the court's view that the interrelationship of these claims is such that they are most appropriately reviewed as a single unit.

It is therefore

ORDERED

Denied.

July 10, 2008.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT